**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESUS ZUNIGA, | Case No. 2:25-cv-00531-CDS-NJK |
|     Plaintiff, | **Order** |
| v. | [Docket No. 15] |
| INAM SHAH, *et al.*, | |
|     Defendants. | |

Pending before the Court is Defendants' emergency motion for protective order.  Docket No. 15.  Because the motion seeks relief from a deposition scheduled for June 10, 2025, Defendants seek relief on an emergency basis.  *Id* at 6.  Plaintiff filed a response.  Docket No. 18.  Defendants filed a reply.  Docket No. 19.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.

**I.    Emergency Motion**

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them."  *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)).  "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court."  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995).  A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship.  *Cardoza*, 141 F. Supp. 3d at 1140-41.  As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances.  *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").  In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements.  When a party files a motion on an emergency basis, it is within the sole discretion of the Court to

determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-6(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493.

Plaintiff served the relevant deposition subpoena on Defendant Shah on May 13, 2025. Docket No. 15 at 2. On May 16, 2025, Defendants' counsel reached out to Plaintiff's counsel to reschedule the deposition for a mutually agreeable date. *Id*. On May 20, 2025, Defendants' counsel informed Plaintiff's counsel that Defendant was in a rural village in Afghanistan and was expected to return to the United States by the end of June. *Id*. at 3. Plaintiff's counsel stated that they were willing to move the deposition but asked Defendants' counsel to provide further availability "as soon as you have it." Docket No. 15-5 at 2. On May 22, 2025, Defendants' counsel confirmed that Defendant Shah was in a rural city of Afghanistan and as "soon as [Defendants' counsel is] able to reach him state side, we can coordinate the earliest available deposition date which we anticipate would be in July." Docket No. 15-6 at 2. On May 23, 2025, Plaintiff's counsel sent a letter to Defendants' counsel which stated that they "were happy to work with [Defendants' counsel's] office to re-schedule this deposition at a time that is convenient" but refused to vacate the deposition. Docket No. 15-7 at 2. On May 27, 2025, Plaintiff's counsel called Defendants' counsel to unilaterally move the deposition to June 10, 2025. Docket No. 15 at 4. Defendants submit that "due to the unfortunate unreasonableness of Plaintiff in failing to simply work

together," Defendants brought this emergency motion to vacate the deposition set for June 10, 2025, "a date on which Plaintiff knows [Defendant Shah] cannot appear," because the ordinary briefing schedule would not be done before the deposition. *Id*.

The Court therefore finds that any emergency is not one of Defendants' own making. Although Plaintiff's counsel submits that he "has attempted to amicably work" with Defendants, Docket No. 18 at 2, his actions show otherwise. Accordingly, the Court will give the motion emergency consideration.

## II.    Motion for Protective Order

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking to avoid discovery may seek a protective order. Fed. R. Civ. P. 26(c). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The instant motion practice boils down to a dispute regarding deposition scheduling. Plaintiff submits that he "has made it abundantly clear that he is willing to reschedule the deposition to a convenient date and time for the Defendants." Docket No. 18 at 6. Defendants submit that the parties can agree to a date when Defendant Shah returns to the United States in the end of June. Docket No. 19 at 3. The Court has been provided no good reason as to why Plaintiff cannot wait until then to do so. Plaintiff submits that the initial expert disclosure deadline expires on July 21, 2025, and baldly asserts that his "expert will need to review and consider" Defendant Shah's deposition transcript when forming his opinions. Docket No. 18 at 6. However, Plaintiff's concern is not an excuse to notice a deposition for when Defendant Shah is out of the country or fail to work with Defendants' counsel when Defendant Shah comes back.

In the Court's experience, this type of scheduling issue is generally worked out by counsel as a matter of professional courtesy. *See* Local Rule 1-1(c). Counsel should strive to be "cooperative, practical and sensible." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137,

1145 (D. Nev. 2015); *see also* Local Rule 1-1(b). The Court expects counsel to heed this directive moving forward.  Working cooperatively extends to the scheduling of depositions.  *See, e.g., PlayUp, Inc. v. Mintas*, 2022 U.S. Dist. Lexis 86816, at \*1 (D. Nev. May 13, 2022) (noting that deposition scheduling is not generally a dispute that should require judicial intervention because it should be resolved by the parties).

Accordingly, the emergency motion for protective order is **GRANTED**.  Docket No. 42. Defendant Shah's deposition currently set for June 10, 2025, is hereby **VACATED**.  Defendants' counsel is **ORDERED** to provide dates for Defendant Shah's deposition to Plaintiff's counsel, no later than July 2, 2025.

IT IS SO ORDERED.

Dated: June 3, 2025

Nancy J. Koppe
United States Magistrate Judge