UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESUS ZUNIGA,<br><br>    Plaintiff,<br><br>v.<br><br>INAM SHAH, et al.,<br><br>    Defendants. | Case No. 2:25-cv-00531-CDS-NJK<br><br>**Order**<br><br>[Docket No. 23] |

Pending before the Court is Defendants' emergency motion for protective order. Docket No. 23.[1] Plaintiff filed a response. Docket No. 26. Defendants filed a reply. Docket No. 27. On September 15, 2025, the Court entered an order vacating the depositions as currently scheduled pending the Court's ruling on the instant motion. Docket No. 28. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

On August 29, 2025, Plaintiff served the relevant deposition notices on Defendant Sasat Logistics, LLC and Defendants' expert, Dr. Christopher Chen. *See* Docket Nos. 23-5, 23-6. On September 4, 2025, Defendants' counsel sent emails to Plaintiff's counsel requesting Plaintiff's withdrawal of the deposition notices. *See* Docket Nos. 23 at 4; 23-7; 23-8. Defendants' counsel explained that neither defense counsel nor the deponents were available, and defense counsel was unable to secure a deponent for Sasat Logistics, LLC. *See id.* On September 8, 2025, counsel for the parties engaged in a meet and confer over the phone. *See* Docket No. 23 at 4. Plaintiff refused to vacate the noticed depositions. *See id.*

On June 3, 2025, the Court entered an order on a previous dispute between the parties regarding deposition scheduling. Docket No. 20. There, the Court explained that deposition

---

[1] The Court shortened the briefing schedule to accommodate the circumstances. *See* Docket No. 25.

1

scheduling issues are generally worked out by counsel as a matter of professional courtesy. *See id.* at 3-4; *see also* Local Rule 1-1(c). The Court stated that counsel are expected to strive to be "cooperative, practical and sensible." Docket No. 20 at 3-4 (citing *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); Local Rule 1-1(b)). The Court further explained that "[w]orking cooperatively extends to the scheduling of depositions." Docket No. 20 at 4 (citing *PlayUp, Inc. v. Mintas*, 2022 U.S. Dist. Lexis 86816, at *1 (D. Nev. May 13, 2022) (noting that deposition scheduling is not generally a dispute that should require judicial intervention because it should be resolved by the parties)).

Accordingly, the emergency motion for protective order is **GRANTED in part and DENIED in part**. Docket No. 23. The parties must work together to schedule the depositions of Defendant Sasat Logistics, LLC's 30(b)(6) witness and Defendants' expert, Dr. Christopher Chen. These depositions must be completed no later than October 17, 2025. No other discovery may occur during this period of time.

Additionally, the dispositive motions deadline is **RESET** for November 17, 2025, and the joint proposed pretrial order deadline is **RESET** for December 17, 2025, or 30 days after resolution of dispositive motions, or by further Court order.

IT IS SO ORDERED.

Dated: September 17, 2025

_____
Nancy J. Koppe
United States Magistrate Judge